# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DARRYL SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:05CV13(JCH) |
| LARRY ROWLEY, et al., | ) |
| Defendants. | ) |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Darryl Smith (registration no. 165275), an inmate at the Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $9.92, and an average monthly account balance of $.08. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 . for alleged violations of his constitutional rights. Named as defendants are Larry Rowley and "Unknown Kurt C.O. 1." Briefly, plaintiff alleges that defendant Unknown Kurt has retaliated against him by various methods of harassment for filing grievances against other prison staff members.

**Discussion**

Plaintiff's claim against defendant Unknown Kurt C.O. 1 regarding retaliation for filing grievances survives review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendant Unknown Kurt C.O. 1 reply to this claim.

Plaintiff's claims against defendant Rowley, however, should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Plaintiff has failed to assert any facts indicating that defendant Rowley was directly involved in or personally responsible for the alleged deprivation of rights. Accordingly, plaintiff's claims against this defendant should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.98 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant Rowley because the claims against this defendant is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant . Unknown Kurt.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown Kurt shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of June, 2005.

/s/ Jean C. Hamilton
**UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com