UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DARRYL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:05-CV-13 (JCH) |
| ) | |
| LARRY ROWLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Robert Kirk's ("Kirk") Motion for Summary Judgment, filed July 16, 2007. (Doc. No. 45). Plaintiff has not responded to this motion.

**BACKGROUND**

Plaintiff Darryl Smith is an inmate of the Missouri Department of Corrections ("MDOC") currently incarcerated at Jefferson City Correctional Center ("JCCC"). (Memo. in Supp. of Mot. for Sum. J. ("Memo."), Doc. No. 46 at p. 2). Before residing at the JCCC, Plaintiff was incarcerated at the Northeast Correctional Center ("NECC"). (Am. Compl., Doc. No. 17 at p. 1). Kirk worked as a correctional officer at NECC when the relevant events occurred. (Memo. at ¶ 2).

On July 26, 2002, Kirk was assigned to the 3:30 p.m. to 11:30 p.m shift in Plaintiff's housing unit at NECC. (Id. at ¶ 3). Kirk's responsibilities included escorting inmates to and from the showers. Kirk approached Plaintiff's cell at 9:30 p.m to offer him a shower. (Id. at ¶ 6). At this time, Kirk handcuffed Plaintiff so that he could escort him to the shower. (Id. at ¶ 7). Plaintiff then refused to take a shower, and Kirk returned him to his cell. (Id. at ¶ 8). Kirk then left the cell without removing Plaintiff's handcuffs. (Id.). Although Kirk intended to return to Plaintiff's cell to remove the

- 1 -

handcuffs, he forgot about the restraints while performing other duties. (Id. at ¶ 9). Kirk then left the NECC at 11:30 p.m. without removing Plaintiff's handcuffs.

Plaintiff fell asleep wearing the restraints, and at 12:24 a.m. another correctional officer discovered him lying on his cell floor. (Id. at ¶ 11). Plaintiff alleges that he was lying on the floor because the handcuffs caused him to fall when he tried to get up. Plaintiff alleges that the fall caused him to hit his head, neck, and back on his bedframe. (Am. Compl., Doc. No. 17 at p. 3). A nurse examined Plaintiff six minutes later and did not find any specific injuries. (Memo. at ¶ 11). Four days later, MDOC transferred him to JCCC, where he received another medical assessment. (Id. at ¶¶ 12-13). The examination found no injuries, and Plaintiff did not complain of any discomfort. (Id. at ¶ 13).

Plaintiff filed suit in this Court on November 11, 2005.[1] (Compl., Doc. No. 1). The Complaint alleges an action under 42 U.S.C. § 1983 claiming that Defendants Larry Rowley, Michael Dempsey,[2] and Kirk violated Plaintiff's Eighth and Fourteenth Amendment rights to be free from "cruel unusual punishment and retaliation from officials by intentionally or with reckless disregard leaving plaintiff" in handcuffs for three hours. (Am. Compl., Doc. No. 17 at p. 3).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might

---

[1] Prior to filing this cause of action, Plaintiff filed the appropriate grievances with the Department.

[2] The Court had dismissed Plaintiff's claims against Larry Rowley and Michael Dempsey. (Doc. No. 7, 34).

affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

### I. Eleventh Amendment Immunity

Kirk first asserts that Plaintiff's claim fails because it is barred by sovereign immunity. Specifically, he asserts that because Plaintiff has sued him in his official capacity, the Eleventh Amendment prevents this suit from moving forward.

As recognized by the Eleventh Amendment, the sovereign immunity enjoyed by states bars "private parties from bringing actions for damages against unconsenting states in federal courts." Thomas v. St. Louis Bd. of Police Comm'rs, 447 F.3d 1082, 1084 (8th Cir. 2004). The Eleventh Amendment bars suit against "the state and its officials acting in their official capacity from § 1983 liability." Morstad v. Dep't of Corrs. & Rehabilitation, 147 F.3d 741,

744 (8th Cir. 1998). In a § 1983 action, a public employee may be sued in his individual capacity, official capacity, or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Unless a plaintiff expressly and unambiguously states in his pleadings that his suit is against an official in his individual capacity, "it will be assumed that the defendant is sued in his . . . official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).

Here, Plaintiff's pleadings do not state that he is suing Kirk in his individual capacity. As such, his suit is against Kirk in his official capacity and is treated as a suit against the state. Missouri has not waived sovereign immunity for these types of claims. See Mo. Rev. Stat. § 537.600. Thus, Plaintiff's claim fails, and the Court will grant Kirk's summary judgment motion.

## II. Plaintiff's Eighth Amendment Claim

Even assuming that Plaintiff asserted a claim against Kirk in his individual capacity, his allegations that Kirk violated the Eighth Amendment still fail. The Eighth Amendment protects a prisoner from cruel and unusual punishment. U.S. Const. Amend. VIII. In analyzing Eighth Amendment claims of deliberate indifference, the Eighth Circuit employs a two-part test consisting of an objective and subjective component. See Revels v. Vincez, 382 F.3d 870, 875 (8th Cir. 2004)(citing Wilson v. Seitzer, 501 U.S. 294, 298 (1991)). First, the defendant's conduct must "objectively rise to the level of a constitutional violation . . . by depriving the plaintiff of the minimal civilized measures of life's necessities." Revels, 382 F.3d at 875(internal quotation omitted). Second, the defendant's conduct must "reflect a subjective state of mind evincing a deliberate indifference to the health or safety of the prisoner." Id. (internal citations omitted). To establish this state of mind,

the plaintiff must show that "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." Id.

Here, Plaintiff cannot show that being handcuffed for three hours rises to the level of a constitutional violation. The Eighth Circuit previously held that being shackled and handcuffed for twenty-four hours does not violate the Eighth Amendment. See Key v. McKinney, 176 F.3d 1083, 1086 (8th Cir. 1999). Additionally, the Tenth Circuit found that being handcuffed in an awkward position for two hours did not constitute a constitutional violation. See Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (citing with approval Miller v. Glanz, 948 F.2d 1562, 1569-70 (10th Cir. 1991)). Similarly, other courts have found that restraining a prisoner for almost a day does not violate the constitution. See Cunningham v. Eyman, 17 Fed. Appx. 449, 453-54 (7th Cir. 2001) (subjecting an inmate to sixteen hours in shackles and four to five hours in soiled clothing was "not of sufficient severity to implicate the Eighth Amendment."); Saleh v. Ray, No. 02-3241 CM, 2003 WL 234846349, at * 6 (D. Kan. Nov. 13, 2003) (holding that "the fact that plaintiff remained in ambulatory restraints for eighteen hours to twenty-four hours does not, itself, rise to the level of an Eighth Amendment violation."). As such, Plaintiff's Eighth Amendment claim fails.

### III.     Plaintiff's Fourteenth Amendment Claim

Similarly, Plaintiff also fails to establish a claim under the Fourteenth Amendment. In order to establish a violation of his due process rights, a plaintiff "must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Slusarchuk v. Hoff, 346 F.3d 1178, 1181-82 (8th Cir. 2003) (emphasis in original). The threshold question, of whether the governmental officer's behavior "is so egregious, so outrageous, that it may be fairly said to shock

the conscience" is determined by looking at the "totality of the circumstances." Norris v. Engles, 494 F.3d 634, 638 (8th Cir. 2007) (citing County of Sacramento v. Lewis, 523 U.S. 833 (1998)). Conduct that shocks the conscience is "arbitrary in the constitutional sense" and involves the "abuse of governmental power as an instrument of oppression." Bonebrake v. Norris, 417 F.3d 938, 942 (8th Cir. 2005)(internal citations omitted). Generally, this due process deprivation is only applied to deliberate decisions by a government official. See Lewis, 523 U.S. at 849. In some contexts, however, deliberate indifference, recklessness, or gross negligence can be enough to shock the conscience. Bonebrake, 417 F.3d at 942.

Upon consideration, Plaintiff's handcuffing was not so egregious that it shocks the conscience. Plaintiff's restraint, although unnecessary, only lasted three and a half hours. The Eighth Circuit has held that the handcuffing of an inmate's arms behind her back and using a leg iron to attach her to a grate on the floor of the cell for three hours did not qualify as conscience shocking. Norris, 494 F.3d at 639 Additionally, Plaintiff has not shown that Kirk's conduct was deliberate, reckless, or grossly negligent. See Walker v. Reed, 104 F.3d 156, 158 (8th Cir. 1997) (holding that "mere negligence is not a violation of a . . . prisoner's due process rights under the Fourteenth Amendment."). Thus, Plaintiff's claim under the Fourteenth Amendment also fails.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Claims are **DISMISSED** with prejudice. (Doc. 45). A separate order of dismissal will accompany this Memorandum and Order.

Dated this 30th day of October, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE